IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**LUTHER WOODS,**

    Petitioner,

vs.                                     Case No. 4:08cv186-SPM/WCS

**UNITED STATES OF AMERICA,**

    Respondent.

_____/


## REPORT AND RECOMMENDATION TO DISMISS HABEAS CORPUS PETITION

    This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner has not paid the filing fee or filed a motion to proceed in forma pauperis.

    Petitioner is now in state custody. He challenges federal his conviction and sentence out of the Middle District of Florida. He claims that the remedy afforded by 28 U.S.C. § 2255 is both "ineffective and inadequate," as he was released from federal to state custody so is no longer in custody for purposes of § 2255. Doc. 1, p. 1. The "savings clause" of § 2255 provides that a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 will not be considered, "unless it also

appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  § 2255; *see also*, Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (discussing the savings clause).

The in custody requirement applies to § 2241 petitions as well as § 2255 motions, however.  "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'"  Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989), *quoting* (with added emphasis) 28 U.S.C. § 2241(c)(3); also referencing 28 U.S.C. § 2254(a).  The Maleng Court said that a petitioner must be in custody of the conviction or sentence under attack, and is not considered in custody once that sentence has "fully expired."  490 U.S. at 491-492, 109 S.Ct. at 1925-26.

According to the website maintained by the Florida Department of Corrections (DOC), Petitioner was received in DOC custody on March 6, 2008.  He is serving a three year term of imprisonment (to be followed by a term of community supervision) for robbery with a gun or deadly weapon.  The sentence was imposed by the Circuit Court in Orange County on February 29, 2008, for the offense committed on December 20, 1991.  It therefore appears that Petitioner is not in custody pursuant to the sentence at issue here, and jurisdiction is lacking.[1]

---

[1] If he were somehow in custody of the federal sentence, then he could not proceed under § 2241 because he has not established entitlement to proceed under the savings clause and Wofford.  *See* 177 F.3d at 1244 (to proceed under savings clause, claim must be based upon a retroactively applicable Supreme Court decision, which establishes petitioner was convicted of a nonexistent defense, and that circuit law squarely foreclosed the claim when it otherwise should have been raised at trial, appeal,

When a defendant is no longer custody for § 2255 purposes, relief from a federal conviction may be sought by petition for writ of error coram nobis filed in the sentencing court.  United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) ("[a] writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255.").  See also United States v. Mills, 221 F.3d 1201, 1203-04 (11th Cir. 2000), *cert. denied*, 531 U.S. 1144 (2001) (discussing the scope of coram nobis to challenge only errors of the most fundamental character).

Petitioner has already sought and been denied such relief by the sentencing court, however.  The docket in Petitioner's case in the Middle District of Florida, Orlando Division, case 6:94cr166-Orl-19, is available in PACER (Public Access to Court Electronic Records).  Petitioner filed a coram nobis petition, which was denied by order of January 9, 2007 (doc. 224 in that case).  The court summarized that Petitioner claimed fraud by the Government in charging him under 18 U.S.C. § 2113(d) as that subsection was never enacted, made an Act of Congress, or published in the Statutes at Large.  Petitioner here raises essentially the same challenges to the invalidity of § 2113(d).  Doc. 1 (handwritten petition), pp. 2-3, doc. 1-2 (petition form), p. 3.[2]

---

or first § 2255 motion) (footnote omitted).

  [2] "Though the appearance of a provision in the United States Code is 'prima facie' evidence that the provision has the force of law, 1 U.S.C. § 204(a), it is the Statutes at Large that provides the 'legal evidence of laws,' § 112 . . . ."  United States Nat'l Bank of Oregon v. Indep. Ins. Agents of America, 508 U.S. 439, 448, 113 S.Ct. 2173, 2179, 124 L.Ed.2d 402 (1993).  18 U.S.C. § 2113(d) is a citation to the United States Code, and appears (obviously) in the United States Code.  It was also published in the Statutes at Large on enactment and amendment.  80th Cong., 62 Stat. 796 (1948); 81st Cong., 64 Stat. 394 (1950); 103d Cong., 108 Stat. 1796 (1994).

The order of January 9, 2007, noted that the writ was not available because (at that time) Petitioner was still in custody for § 2255 purposes, and also found the request for relief to be without merit. Petitioner did not appeal.

The docket reflects Petitioner filed another motion for relief in his criminal case, challenging § 2113(d) and seeking to enjoin its enforcement. The motion was denied on May 26, 2007. Docs. 225 and 226 in that case.[3] No appeal was filed, and there was no further activity in that case.

Petitioner is in custody pursuant to the current state sentence, and a challenge to an expired conviction or sentence could be construed as challenging the current sentence as enhanced. See Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401-402, 121 S.Ct. 1567, 1572-73, 149 L.Ed.2d 608 (2001). A challenge to the expired sentence is limited to a claim that the prior conviction was obtained where the prior sentence was obtained without appointed counsel in violation of the Sixth Amendment. Id., at 403-404, 121 S.Ct. at 1574; extending Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578, 1583-84, 149 L.Ed.2d 590 (2001) (a § 2255 case) to the § 2254 context.[4] The prior conviction must have *adversely affected* the current sentence in order to obtain review, however. 532 U.S. at 406-407, 121 S.Ct. at 1575-76 (even if petitioner could show an exception to the general rule barring review of prior

---

[3] The motion is available in PACER, the order is not. There may not have been a separate written order.

[4] A petitioner might also be eligible for review if a claim directed at the enhanced sentence is the first and only forum for review of the prior conviction, but the Court did not decided whether or under what circumstances § 2254 could be used to obtain review. Id., at 406, 121 S.Ct. at 1575.

conviction, it was clear that consideration of the conviction did not actually affect new sentence).  Further, "[a]s with any § 2254 petition, the petitioner must satisfy the procedural prerequisites for relief including, for example, exhaustion of remedies." *Id.* at 404, 121 S.Ct. at 1574.  *See also* Howard v. United States, 374 F.3d 1068, 1071-72 (11th Cir. 2004) (quoting Lackawanna, noting that while failure to appoint counsel is a unique constitutional defect such that it may "be raised collaterally in a sentence proceeding in which the conviction in question is being offered for use," there has not been "a willingness to disregard applicable procedural defenses, one of which arises from the failure to raise the claim in the sentence proceeding.").

Petitioner has not alleged that the federal conviction had any effect whatsoever on his state sentence.  Moreover, if he was sentenced on February 29, 2008, he has not had time to fully exhaust available state court remedies with respect to any challenge to the current sentence.  If and when Petitioner has fully exhausted federal claims in the state courts, he may file a § 2254 petition in the district of his confinement (currently this district, as Petitioner is held at Taylor Correctional Institution) or district of the state court conviction (the Middle District, as Petitioner was convicted in Orange County).[5]  He would have to raise all available claims at that time, as a subsequent petition would be subject to limitations on filing a second or successive § 2254 petition.  28 U.S.C. § 2244(b).  He is also advised that there is a one year time limit for filing a § 2254 petition, but the time is tolled while "a properly filed application for state post-conviction or other

---

[5] Under 28 U.S.C. § 2241(d), the districts of confinement and conviction have concurrent jurisdiction.  This and other courts generally transfer petitions to the district of conviction.  *Cf.* Eagle v. Linahan, 279 F.3d 926, 933, n. 9  (11th Cir. 2001) (noting this practice in district courts in Georgia).

Case No. 4:08cv186-SPM/WCS

collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(1) and (2).

It is therefore respectfully **RECOMMENDED** that the § 2241 petition be summarily **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 2, 2008.


   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.